# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00512-CV

**Ken Paxton, Attorney General of the State of Texas, Appellant**

**v.**

**Tarrant County, Appellee**

### FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-22-006259, THE HONORABLE KARIN CRUMP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Ken Paxton, Attorney General of the State of Texas, has filed an unopposed motion to dismiss this appeal and the underlying case as moot and vacate the trial court's judgment. *See* Tex. R. App. P. 42.3(a). For the reasons explained below, we grant the motion.

The underlying case arose out of Public Information Act (PIA) requests from six requestors who sought election records (including voted ballots, testing materials, and cast-vote records) from Tarrant County. The County requested PIA rulings from the Attorney General and argued the records at issue are not subject to disclosure for a period of at least twenty-two months after election day under Texas Election Code Section 66.058. *See* Tex. Gov't Code § 552.301 (setting forth procedure for governmental body to request decision from Attorney General when "it wishes to withhold from public disclosure"); *see also generally id.* §§ 552.001-.353. The Attorney General ruled that the information requested must be made available for

public inspection. The County filed suit challenging the Attorney General's rulings. In its final judgment, the trial court ruled in Tarrant County's favor, finding that the information at issue was not subject to disclosure under the PIA until twenty-two months after the relevant election day. The Attorney General then appealed.

During the pendency of the appeal, the Texas Legislature amended Election Code Section 1.012, effective September 1, 2023, to add Subsections (f) and (g):

> (f)      Beginning on the first day after the date the final canvass of an election is completed, the general custodian of election records shall make available for public inspection election records that are: (1) images of voted ballots, if a county maintains images of voted ballots; or (2) cast vote records.
>
> (g)      Beginning on the 61st day after election day, the general custodian of election records shall make available for public inspection election records that are original voted ballots.

Tex. Elec. Code § 1.012. The Attorney General has now moved to dismiss the appeal based on mootness. He explains that there is no longer a controversy between the parties and that any decision issued by this Court will have no practical legal effect because the amendment to Section 1.012 resolved the dispute between the parties about the availability of the requested information during the twenty-two-month preservation period. In addition, he explains that the passage of time has rendered the controversy moot. The County does not oppose the motion.

We agree that this case has become moot. *Matthews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016) (citing *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012)) ("The mootness doctrine applies to cases in which a justiciable controversy exists between the parties at the time the case arose, but the live controversy ceases because of subsequent events."). "If a case is or becomes moot, the court must vacate any order or

judgment previously issued and dismiss the case for want of jurisdiction." *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012); *see also Paxton v. Williamson County*, No. 03-23-00507-CV, 2024 WL 124414, at *1 (Tex. App.—Austin Jan. 11, 2024, no pet. h.) (mem. op.) (dismissing case involving same PIA issues as this case).

We grant appellant's motion to dismiss, vacate the trial court's final judgment, and dismiss this appeal and the underlying case for want of jurisdiction. *See* Tex. R. App. P. 42.3(a); *id.* R. 43.2(e).

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Dismissed on Appellant's Motion

Filed: March 21, 2024

3